*257 OPINION.
Littleton:
The taxpayer contends that the cost of removing to Milwaukee the two vessels purchased from the United States Government and delivered to it in the ports of New York and Boston was an ordinary and necessary business expense and deductible from gross income. The Commissioner, on the other hand, contends that the cost of moving the vessels was a part of their cost and should be capitalized.
We are of the opinion that the Commissioner was in error in refusing to allow the taxpayer to deduct as an ordinary and necessary business expense the cost of transporting the vessels from New York and Boston to Milwaukee.
Taxpayer for many years had been engaged in the business of transporting freight and passengers for hire under a charter which authorized it to engage in this business upon the Great Lakes and upon the high seas. Upon delivery of the vessels to it by the United States Government, taxpayer deemed it to its best interest to remove them to Milwaukee for repairs and changes and to place them in service at that point. Accordingly, they were transported under their own power to Milwaukee at a cost of $45,627.97, for wages, fuel, food, insurance, etc.
The fact that the ships might have carried a cargo for hire, or supplies for taxpayer, or no cargo at all, does not, in our opinion, change the character of the expenditure. We are of the opinion from the evidence in this appeal that the cost of transporting the vessels from New York and Boston to Milwaukee was an ordinary and necessary business expense and deductible from gross income for the year 1919.
On reference to the Board, Trammell dissents.